UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-269-KKC

ALGER C. FERGUSON                                                                                    PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

BIG SANDY REGIONAL DETENTION CENTER
    AUTHORITY, ET AL.                                                                  DEFENDANTS

The plaintiff, Alger C. Ferguson, who is currently confined in the Big Sandy Regional Detention Center ("BSRDC") in Paintsville, Kentucky, has filed a civil rights complaint under 42 U.S.C. §1983 [Record No. 1]. He has also filed an "Application to Proceed *In Forma Pauperis*" [Record No. 2]. The Court will address the motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a

court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff alleges that the defendants have engaged in cruel and unusual punishment, in violation of his rights under the Eighth Amendment of the United States Constitution. He challenges the conditions of his confinement, alleging that Henry Williams, the warden/jailer of the BSRDC, has allowed the facility to become overcrowded. He claims that as a result of the alleged overcrowding, the cells are too crowded and the inmates are forced to sleep on the floor.

The plaintiff alleged that there was no procedure at the BSRDC by which an inmate could seek an administrative remedy or otherwise submit a grievance. He states that he complained to the "CO's" (presumably, meaning "corrections officers") "at one time or another." [Complaint, §II (4)]

## NAMED DEFENDANTS

The plaintiff names the following defendants: (1) the Big Sandy Regional Detention Center Authority; (2) Henry Butch Williams, whom the plaintiff identifies as the administrator of the BSRDC; and (3) Paul McCoy, whom the plaintiff identifies as the supervisor "in charge" of the BSRDC.

## RELIEF REQUESTED

The plaintiff seeks injunctive relief in the form of an order forcing the BSRDC to reduce the inmate population to "the level allowed by the building code and refuse new inmates." [Complaint Form, §V]

## DISCUSSION

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires state and federal

prisoners bringing actions concerning prison conditions, and any other incident to prison life, such as excessive force, to exhaust all available administrative remedies before suing in federal court. *See Porter v. Nussle*, 534 U.S. 122 S. Ct. 983 (2002); *Lavista v. Beeler*, 195 F,3d 254, 256 (6th Cir. 1999). Under federal law, it is insufficient for a prisoner to merely claim that grievances were not answered satisfactorily or to begin the grievance process and not finish it.

The plaintiff alleges that he mentioned his complaints about overcrowding to the CO's at one time or another. He alleged that the BSRDC had no formal process by which to complain in writing. The Court finds that the plaintiff's description of his verbal attempts to grieve his claims "at one time or another" fall far short of the mark. That allegation does not provide the Court with any specifics about the verbal grievances; when they were filed or with whom; what the subject matter concerned; what the official responses were; and at what administrative levels the grievances were filed.

Mere allegations of compliance with grievance procedures, unsupported by documentary proof, are inadequate to demonstrate efforts or attempts to comply with the administrative remedy process. Prisoners may not short-circuit the exhaustion requirement by alleging the futility of going further, and then ask the courts to rule they have done enough. *See McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. March 27, 2000); *Fisher v. Wickstrom*, 230 F.3d 1358, 2000 WL 1477232 (6th Cir. Sept. 25, 2000); and *Mentecki v. Corrections Corp. of America*, 2000 WL 1648127 (6th Cir. Oct. 27, 2000).

Furthermore, even assuming *arguendo* that the BSRDC had no established procedure through which inmates could submit written grievances (a claim which the Court is not willing to accept as a fact), the plaintiff had higher means through which to grieve his claims. The Kentucky Department of Corrections ("KDOC") has promulgated a set of administrative regulations at 501 KAR 6:010,

3

which govern prison grievance procedures. They are referred to as "Corrections Policies and Procedures" ("CPP"). The CPP which addresses inmate grievances is found in Policy Number 14.6. According to the provisions of the *Inmate Grievance Process*, §I (1) of CPP Policy Number 14.6, a prisoner in a state correctional institution must informally attempt to grieve a claim with the Grievance Aide, the Grievance Coordinator, the department head or institutional staff.

If the attempt at informal resolution fails, he must seek a hearing before the Grievance Committee [*Id.*, §(2)]. The Committee's decision must be forwarded to the warden, who is responsible for making a final written decision [*Id.*, §2(c)-(d)]. A prisoner who is not satisfied with the warden's final decision may appeal that decision to the Commissioner of Corrections by using a specific form described in §3(a) of the *Inmate Grievance Process*.

The instant plaintiff does not allege that he followed any of the subsequent administrative remedies set forth in CPP 14.6 with regard to his claims about overcrowding at the BSRDC.[1] Specifically, he did not allege that he attempted to file an appeal of the purported denial of his verbal complaints to the Commissioner of the KDOC as required by CPP §14.6.

For any issue a prisoner intends to raise, he must explain or demonstrate his attempts at exhaustion before he can be considered to have substantially complied with the law. *See Wyatt v. Leonard*, 193 F.3d 876 (6th Cir. 1999). In *Wyatt*, the court concluded that the plaintiff had

---

[1]

The Court finds persuasive a recent unpublished Sixth Circuit opinion dated December 5, 2005, which affirmed an order of dismissal which Judge Hood entered earlier this year in *Norbert Steven Wilcox v. Travis Bowen*, Lexington Civil Action No. 05-CV-120-JMH. In that case, Wilcox complained about several aspects of the conditions of his confinement at the Northpoint Training Center. The plaintiff claimed that he did not file an appeal with the KDOC Commissioner because he suspected that the grievance he filed at Northpoint Training Center might have been "destroyed ." Judge Hood determined that because Wilcox had not appealed the jail's decisions to the KDOC Commissioner as required by CPP § 14.6, he had not demonstrated that he had *fully* exhausted his claims. On appeal, the Sixth Circuit agreed with Judge Hood, specifically concluding that the plaintiff's failure to follow all of the steps within the KDOC's scheme justified dismissal for failure to exhaust.

adequately shown that he had attempted to comply with administrative remedies, because he had attached numerous letters he had filed and other persuasive documents. In contrast, the instant plaintiff's explanation of his efforts to exhaust his claims fail to rise to the plaintiff-prisoner's effort as described in *Wyatt*.

Based upon the plaintiff's failure to fully exhaust his Eighth Amendment claims, the Court determines that dismissal without prejudice is warranted.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

Dated this 4th day of January, 2006.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge